IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOTSAM OF CALIFORNIA, INC., dba NOLAND'S ON THE WHARF and SHORELINE SURF SHOP,<br><br>  Plaintiff,<br>  v.<br><br>HUNTINGTON BEACH CONFERENCE AND VISITORS BUREAU,<br><br>  Defendant | No. C 06-07028 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER VENUE; VACATING HEARING** |

Before the Court is defendant Huntington Beach Conference and Visitors Bureau's ("Bureau") motion to dismiss the above-titled action for improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or alternatively, to transfer the action to the Central District of California, pursuant to 28 U.S.C. § 1404(a). Plaintiff Flotsam of California, Inc. ("Flotsam") has filed opposition, to which the Bureau has replied. Having considered the papers submitted in support of and in opposition to the motion, the Court deems the motion appropriate for decision on the papers, VACATES the hearing scheduled for February 2, 2007, and rules as follows:

   1. Contrary to the Bureau's argument, venue is proper in the Northern District because a substantial part of the events giving rise to Flotsam's claims for declaratory relief as to non-infringement, unfair competition, and for cancellation of the Bureau's marks

occurred herein. Specifically, Flotsam's sales of T-shirts with the phrase "Surf City Santa Cruz California USA," the conduct the Bureau has asserted infringes its marks, occurred in the Northern District, (see Compl. ¶¶ 12-13), and Flotsam alleges its conduct is not infringing because, inter alia, the Bureau lacks valid rights to the trademark "Surf City USA" in light of the prior use in commerce of the "Surf City" mark by individuals and entities located in the Northern District, (see Compl. ¶¶ 5-7). See 28 U.S.C. § 1391(b)(2) (providing venue in federal-question case is proper in district where "substantial part of the events" giving rise to plaintiff's claims occurred); Spiegelberg v. Collegiate Licensing Co., 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005) (holding venue proper, for purposes of claim seeking declaration of non-infringement as to defendant's trademarks, in district where plaintiff sold allegedly infringing products); cf. United States Aluminum Corp. v. Kawneer Co., 694 F. 2d 193, 195 (9th Cir. 1982) (holding venue proper, for purposes of claim seeking declaration of non-infringement as to defendant's patent, in district where alleged infringement occurred).

    2. The Bureau has failed to make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," see Decker Coal Co. v. Commonwealth Edison Co., 805 F. 2d 834, 843 (9th Cir. 1986), and, consequently, is not entitled to an order transferring the action, for the convenience of the parties and witnesses, to the Central District of California.[1] Contrary to the Bureau's argument, "all of the significant events underlying Flotsam's claims," (see Def.'s Mot. at 15:8-9), have not occurred in the Central District, as discussed above. Further, for the reasons stated by Flotsam, evidence and witnesses relevant to the issue of whether Flotsam has infringed a valid mark appear to be located predominately in the Northern District; at a minimum, the Bureau has not shown to the contrary.

---

[1] The Bureau, in the alternative, requests the action be transferred to a "neutral" district, specifically, the Southern District of California or the Eastern District of California, Fresno Division. (See Def.'s Mot. at 5:12-13.) The Bureau fails, however, to show that venue would be proper in either such district, or that transfer thereto would be more convenient to the parties and witnesses.

**CONCLUSION**

For the reasons stated above, the motion to dismiss for improper venue, or, alternatively, to transfer for the convenience of the parties and witnesses, is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 31, 2007

MAXINE M. CHESNEY
United States District Judge