1   Richard P. Sybert, Bar No. 80731
    GORDON & REES LLP
2   101 W. Broadway, Suite 1600
    San Diego, California 92101
3   tel (619) 696-6700 / fax (619) 696-7124
    email rsybert@gordonrees.com

4

5   Douglas P. Smith, Bar No. 101367
    GORDON & REES LLP
6   4675 MacArthur Court, Suite 800
    Newport Beach, California 92660
7   tel (949) 255-6950 / fax (949) 474-2060
    email dsmith@gordonrees.com

8   Attorneys for Defendant
    HUNTINGTON BEACH CONFERENCE
9   AND VISITORS BUREAU

10                    UNITED STATES DISTRICT COURT

11      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

13  FLOTSAM OF CALIFORNIA, INC.,          )   CASE NO. C 06-07028 MMC
    dba NOLAND'S ON THE WHARF and         )
14  SHORELINE SURF SHOP,                  )   Judge: Hon. Maxine M. Chesney
                                          )
15                      Plaintiff,        )   **(1) DEFENDANT'S ANSWER TO FIRST**
         vs.                              )   **AMENDED COMPLAINT;**
16                                        )
    HUNTINGTON BEACH CONFERENCE           )   **(2) COUNTERCLAIMS FOR:**
17  AND VISITORS BUREAU,                  )
                                          )   **TRADEMARK INFRINGEMENT**
18                      Defendant.        )   **(15 U.S.C. § 1114);**
                                          )
19  ──────────────────────────────       )   **FALSE DESIGNATION OF ORIGIN**
                                          )   **(15 U.S.C. § 1125(a));**
20  HUNTINGTON BEACH CONFERENCE           )
    AND VISITORS BUREAU,                  )   **TRADEMARK DILUTION**
21                                        )   **(15 U.S.C. § 1125(c));**
                     Counterclaimant,     )
22       vs.                              )   **COMMON LAW TRADEMARK**
                                          )   **INFRINGEMENT;**
23  FLOTSAM OF CALIFORNIA, INC., dba      )
    NOLAND'S ON THE WHARF and             )   **STATE LAW UNFAIR COMPETITION**
24  SHORELINE SURF SHOP,                  )   **(CAL. B.&P.C. § 17200);**
                                          )
25                  Counterdefendant.     )   **STATE LAW TRADEMARK**
                                          )   **INFRINGEMENT**
26                                        )   **(CAL. B.&P.C. § § 14335, 14340);**
                                          )
27                                        )   **(3)  DEMAND FOR JURY TRIAL**
                                          )   **[Fed.R.Civ.Pro. 38(b)].**
28  ──────────────────────────────       )

                                      -1-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

# ANSWER

For its Answer to the First Amended Complaint of Plaintiff Flotsam of California, Inc., dba Noland's on the Wharf and Shoreline Surf Shop's ("Plaintiff" or "Flotsam"), Defendant Huntington Beach Conference and Visitors Bureau ("Bureau") states and alleges as follows:

1.     The Bureau has insufficient knowledge or information to admit the allegations of Paragraph 1, and on that basis denies same.

2.     Admit.

3.     The Bureau admits that Flotsam's First Amended Complaint ("FAC") purports to be an action for declaratory relief and related claims, and that this Court has subject matter jurisdiction over the FAC.  The Bureau denies the remaining allegations of Paragraph 3. Specifically without limitation, the Bureau denies that there is any legitimate "actual question of controversy" between the parties, but rather that Plaintiff is being used by third parties to maintain or manufacture a controversy for self-serving purposes.  Specifically without limitation, the Bureau also denies that venue in this action is proper in the Northern District of California.

4.     The Bureau admits that it is generally believed that surfing began in the Hawaiian Islands.  The Bureau admits that surfing has grown in popularity as a largely Southern California phenomenon rather than "up and down the California coast."  The Bureau denies that Jack O'Neill invented the wetsuit.  The Bureau has insufficient knowledge or information to admit the remaining allegations of Paragraph 4, and on that basis denies same.  Specifically without limitation, the Bureau denies that there is any reliable evidence or proof (or relevance) of the alleged 1885 incident, other than an unverified local news squib.  The Bureau further specifically denies without limitation that "Santa Cruz has become nationally and internationally known as one of the premier surfing locations in the world;" rather, Santa Cruz is a somewhat dated seaside town that has no particular prominence in surfing culture, and none whatever in the Southern California beach culture connoted by SURF CITY USA®.

5.     The Bureau admits that there exist places called "Surf City, New Jersey" and "Surf City, North Carolina" but that these are simply geographical descriptors and placenames without the secondary meaning that attaches to Huntington Beach as the true Surf City and

-2-

1   emblematic of the Southern California beach culture.  The Bureau denies that "the real Surf City

2   is widely acknowledged to be Santa Cruz."  The Bureau has insufficient knowledge or

3   information to admit the remaining allegations of Paragraph 5, and on that basis denies same.

4       6.   The Bureau denies any implication of Paragraph 6 that the use of "Surf City" in or

5   for Huntington Beach is recent or began in November 2004.  The Bureau also denies any

6   implication of Paragraph 6 that SURF CITY USA® is not a valid trademark.  The Bureau also

7   denies any implication of Paragraph 6 that its "efforts" to register SURF CITY USA® were not

8   successful, or that its "trademark rights" are "asserted" rather than valid.  Other than as so

9   qualified, the Bureau admits the allegations of Paragraph 6.

10      7.   The Bureau denies Plaintiff's belittling choice of language that Dean Torrence is a

11  "lead pitch man."  The Bureau admits that Mr. Torrence has a contract with the Bureau to play an

12  appropriate role in media and client relations to help promote the SURF CITY USA® brand and

13  trademark.  The Bureau admits that Mr. Torrence made the quoted comment at least three to four

14  years ago about "Surf City" as the City of Huntington Beach, California's official nickname, and

15  prior to launch of the brand.  The Bureau denies any implication of Paragraph 7 that there is

16  anything wrong or suspect in retention of a "Los Angeles-based" licensing agency.  The Bureau

17  denies that "the earliest claimed date of first use" of the SURF CITY USA® trademark is

18  November 2004; rather, the proper formulation is that it is "at least as early as November 2004."

19  The Bureau denies that it claims it "should be" crowned the true Surf City; rather, the Bureau

20  asserts that Huntington Beach, California is the "true Surf City" and emblematic of the Southern

21  California beach culture.  Other than as so qualified, the Bureau admits the remaining allegations

22  of Paragraph 7.

23      8.   The Bureau admits that it claims exclusive ownership of the word mark SURF

24  CITY USA® for a variety of goods and services, and has embarked on an enforcement campaign

25  with respect to such mark.  The Bureau admits that it has obtained seven (7) trademark

26  registrations for the SURF CITY USA® mark from the U.S. Patent and Trademark Office.  The

27  Bureau admits that such marks are on the Supplemental Register.  The remaining allegations of

28  Paragraph 8 are legal contentions, arguments or assertions rather than fact allegations, and

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1   therefore do not require an answer by Defendant.  To the extent the remaining allegations of

2   Paragraph 8 misstate or mischaracterize the law, the Bureau denies same.

3     9.  Admit.

4     10.  The Bureau admits that it does not own all trademark application and registrations

5   before the Patent and Trademark Office incorporating the phrase SURF CITY.  The Bureau

6   admits that Mattel appears to own a mark on the Principal Register for SURF CITY for use in

7   conjunction with dolls, doll clothing and doll accessories.  The Bureau admits that Flotsam

8   claims to have attached "true and correct" copies of the Patent and Trademark Office's Online

9   Records as Exhibits B and C, as of the times stated thereon, which appears to be October 11,

10  2006.  The Bureau has insufficient knowledge or information to admit the remaining allegations

11  of Paragraph 10, and on that basis denies same.

12    11.  The Bureau admits that it did not register the SURF CITY USA® mark on the

13  Principal Register.  The Bureau denies the remaining allegations of Paragraph 11.

14    12.  The Bureau admits that at a time prior to the filing of the Complaint herein,

15  Flotsam began using the mark SURF CITY USA® along with the words SANTA CRUZ

16  CALIFORNIA on T-shirts it sells in stores located in Santa Cruz.  The Bureau admits that the

17  graphic is a representative sample of Plaintiff's T-shirt with the infringing mark.  The Bureau

18  denies that the proper or intended reading of that graphic is SURF CITY SANTA CRUZ

19  CALIFORNIA USA; rather, the frame encircling the graphic is meant to be and is read, "Surf

20  City USA" with "Santa Cruz California" within.  The Bureau has insufficient knowledge or

21  information to admit the remaining allegations of Paragraph 12 and on that basis denies same.

22    13.  The Bureau admits that Flotsam sold the infringing T-shirts from its stores located

23  in Santa Cruz.  The Bureau admits that it sent to Flotsam a letter which claimed exclusive

24  ownership of the SURF CITY USA® mark, and requested that Plaintiff cease further sale of the

25  infringing T-shirts or other use of the mark.  The Bureau has insufficient knowledge or

26  information to admit the remaining allegations of Paragraph 13, and on that basis denies same.

27    14.  The Bureau admits that Flotsam has accurately quoted the letter dated September

28  6, 2006.  The Bureau admits that it will enforce its rights in the SURF CITY USA® mark.  The

-4-

1    Bureau denies the remaining allegations of Paragraph 14, which constitute argument rather than

2    factual allegations, and therefore require no response from the Bureau.

3        15.    The Bureau admits that it requested that Flotsam stop selling its remaining

4    inventory of the infringing T-shirts by September 29, 2006.  The Bureau has insufficient

5    knowledge or information to admit the remaining allegations of Paragraph 15, and on that basis

6    denies same.

7        16.    Without waiving objections to admissibility under, *inter alia,* Federal Rule of

8    Evidence 408, the Bureau admits that at Flotsam's request it sent to Flotsam a form of Settlement

9    Agreement and Release, and requested Flotsam acknowledge that the Bureau has the exclusive

10   right to use the SURF CITY USA® mark in the United States, and requested that Flotsam not

11   contest the validity or enforceability of such mark.   The Bureau denies the remaining allegations

12   of Paragraph 16.

13       17.    Without waiving objections to admissibility under, *inter alia,* Federal Rule of

14   Evidence 408, the Bureau admits that it requested Flotsam acknowledge the Bureau's exclusive

15   right to the SURF CITY USA® mark.  The Bureau also admits that Flotsam reneged, and

16   refused to enter into a settlement agreement.  The Bureau denies the remaining allegations of

17   Paragraph 17.  Specifically without limitation, the Bureau denies that "Plaintiff was left with no

18   choice but to proceed with the present action."

19       18.    The Bureau admits that in asserting its rights in and to the SURF CITY USA®

20   trademark, it is relying in part on federal trademark registration issued on the Supplemental

21   Register.  The remaining allegations of Paragraph 18 are legal contentions, arguments or

22   assertions rather than fact allegations, and therefore do not require an answer by Defendant.  To

23   the extent the remaining allegations of Paragraph 18 misstate or mischaracterize the law, the

24   Bureau denies same.

25       19.    Deny.

26       20.    Deny.

27       21.    Deny.

28       22.    Deny.

-5-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

23.     The Bureau admits that it supported the filing of its trademark registration applications by filing statutorily required declarations under penalty of perjury.  The Bureau also admits that Don Carnegie's declaration is accurately quoted in this paragraph.  The Bureau denies the remaining allegations of Paragraph 23.

24.     The Bureau admits that it supported the filing of its trademark registrations by filing statutorily required Statements of Use, attesting that it was using the SURF CITY USA® mark in commerce on goods identified in the relevant applications.  The Bureau admits that the Statements of Use were supported by a declaration signed under penalty of perjury.  The Bureau denies the remaining allegations of Paragraph 24.

25.     Deny.

26.     The Bureau admits that Flotsam has no right to sell goods bearing any mark which infringes The Bureau's rights in the SURF CITY USA® mark.  The Bureau denies the remaining allegations of Paragraph 26.

27.     The Bureau admits that it will be damaged by Flotsam's continued use of the SURF CITY USA® mark.  The Bureau admits that Flotsam purports that an actual dispute exists between the parties as it relates to such mark, but on information and belief such dispute is being maintained by third parties.  The Bureau denies the remaining allegations of Paragraph 27.

28.     Deny.

### ANSWER TO FIRST CLAIM FOR RELIEF
#### Declaratory Relief—Non-Infringement of Trademark
#### Cal. Bus. & Prof. Code § 14335 et seq.

29.     Responding to Paragraph 29, the Bureau incorporates its responses to paragraphs 1 through 28 above.

30.     Deny.

31.     Deny.

32.     The Bureau admits that it claims Flotsam has infringed its registered trademarks. The Bureau denies the remaining allegations of Paragraph 32.

/ / /

/ / /

-6-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA   92101

1     33.     The Bureau admits that Flotsam purports that an actual controversy exists

2 between the parties, but on information and belief such dispute is being maintained by third

3 parties.

4     34.     Deny.

5          **ANSWER TO SECOND CLAIM FOR RELIEF**
           **Declaratory Relief—Non-Infringement of Alleged Trademark**
6          **Under 15 U.S.C. § 1125(a)—Common Law Trademark**

7     35.     Responding to Paragraph 35, the Bureau incorporates its responses to Paragraphs

8 1 through 34 above.

9     36.     The Bureau admits that it claims Flotsam has infringed its registered trademarks.

10 The Bureau denies the remaining allegations of Paragraph 36.

11    37.     Deny.

12    38.     The Bureau admits that Flotsam purports that an actual controversy exists between

13 the parties, but on information and belief such dispute is being maintained by third parties.

14    39.     Deny.

15          **ANSWER TO THIRD CLAIM FOR RELIEF**
           **Unfair Competition—Cal. Bus. & Prof. Code § 17200 *et seq.***
16

17    40.     Responding to Paragraph 40, the Bureau incorporates its responses to Paragraphs

18 1 through 39 above.

19    41.     Deny.

20    42.     Deny.

21    43.     Deny.

22    44.     Deny.

23          **ANSWER TO FOURTH CLAIM FOR RELIEF**
           **Unfair Competition—California Common Law**
24

25    45.     Responding to Paragraph 45, the Bureau incorporates its responses to Paragraphs

25 1 through 44 above.

26    46.     Deny.

27    47.     Deny.

28    48.     Deny.

-7-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

# ANSWER TO FIFTH CLAIM FOR RELIEF
## Cancellation of Fraudulently Obtained Trademark Registrations and Denial of Pending Trademark Applications
### 15 U.S.C. § 1119

49.     Responding to Paragraph 49, the Bureau incorporates its responses to Paragraphs 1 through 48 above.

50.     Admit.

51.     Deny.

52.     Deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The FAC fails to state a cause of action upon which relief may be granted.

### Second Affirmative Defense

Flotsam's contentions in the FAC are or may be barred by unclean hands, specifically without limitation Flotsam's failure to undertake due diligence and reasonable enquiry before filing allegations.

### Third Affirmative Defense

By its acts and conduct, Flotsam has waived its claims asserted against the Bureau.

### Fourth Affirmative Defense

The Bureau's rights to the SURF CITY USA® mark are superior to those of Flotsam as the Bureau is the senior user of the marks, and owner of senior Registration Nos. 3,140,635; 3,091,711; 3,088,922 and 3,088,921.

### Fifth Affirmative Defense

Flotsam will not be damaged by the continued registration of U.S. Registration Nos. 3,140,635, 3,091,711, 3,088,922 and 3,088,921, or by registration of U.S. Trademark Application Serial Nos. 78/545,730; 78/705,827; 78/966,644; 78/545,796; 78/545,776; 78/545,717; 78/518,984 and 77/010,025.

/ / /

/ / /

-8-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

### Sixth Affirmative Defense

The Bureau's SURF CITY USA® marks have obtained secondary meaning in the minds of the relevant consuming public which associates the SURF CITY USA marks with the Bureau, with Southern California beach culture in general, and with Huntington Beach, California in particular.

### Seventh Affirmative Defense

The Bureau  obtained its U.S. Registration Nos. 3,140,635; 3,091,711; 3,088,922 and 3,088,921 for the mark SURF CITY USA®, and made its applications for U.S. Trademark Application Serial Nos. 78/545,730; 78/705,827; 78/966,644; 78/545,796; 78/545,776; 78/545,717; 78/518,984 and 77/010,025, in good faith and in accordance with all applicable laws, requirements and regulations.

### Eighth Affirmative Defense

The Bureau's first use of its SURF CITY USA® mark pre-dates Flotsam's first use of the SURF CITY USA® mark in conjunction with the phrase SANTA CRUZ CALIFORNIA. Flotsam is thus barred from bringing its FAC.

### Ninth Affirmative Defense

On information and belief, Flotsam has violated Federal Rule of Civil Procedure 11, in submitting allegations in its FAC which a reasonable enquiry would lead Flotsam to know were not true.

### PRAYER FOR RELIEF

WHEREFORE, having  responded to the FAC presented by Flotsam, the Bureau requests that this Court:

1.      Deny any and all relief sought by Flotsam;

2.      Enter judgment in favor of the Bureau on each and every claim of relief asserted in the FAC;

3.      Declare that Flotsam has infringed the Bureau's rights in the mark SURF CITY USA®.

-9-

4.      Declare that the Bureau's U.S. Registrations Nos. 3,140,635; 3,091,711; 3,088,922 and 3,088,921 are valid and enforceable;

5.      Declare that the Bureau's U.S. Trademark Application Serial Nos. 78/545,730; 78/705,827; 78/966,644; 78/545,796; 78/545,776; 78/545,717; 78/518,984 and 77/010,025 should not be denied registration in the U.S. Patent and Trademark Office.

6.      Declare that the Bureau shall not be enjoined in any manner;

7.      Declare this case to be "exceptional" under 15 U.S.C. § 1117(a) and award the Bureau its attorneys' fees and costs incurred in defense of Flotsam's FAC;

8.      Award the Bureau its costs of suit and attorney's fees under all other applicable laws; and

9.      Award such other and further relief as the Court in its discretion deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to federal Rule of Civil Procedure 38(b), the Bureau requests trial by jury on all issues triable to a jury in this action.

Dated: February 12, 2007

GORDON & REES LLP

by      */s/ Richard P. Sybert*
        Richard P. Sybert
        *rsybert@gordonrees.com*
        Attorneys for Defendant/Counterclaimant
        HUNTINGTON BEACH CONFERENCE
        AND VISITORS BUREAU

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

-10-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

## COUNTERCLAIMS

As Counterclaims against Plaintiff and Counterdefendant Flotsam of California, Inc., dba Noland's on the Wharf and Shoreline Shop ("Flotsam"), Defendant and Counterclaimant Huntington Beach Conference and Visitors Bureau ("Bureau") alleges as follows:

## THE PARTIES

1.   Defendant/Counterclaimant, Huntington Beach Conference and Visitors Bureau is a corporation organized and existing under the laws of the State of California, and having its principal place of business at 301 Main Street, Suite 208, Huntington Beach, California, 92648.

2.   On information and belief, Plaintiff/Counterdefendant Flotsam is a corporation organized and existing under the laws of the State of California, and having its principal place of business at 415 Spring Street, Santa Cruz, California.

## JURISDICTION AND VENUE

3.   Jurisdiction for all counterclaims herein arises under 28 U.S.C. § § 1338 and 1367(a) and/or 15 U.S.C. § 1121(a).  Without waiving the Bureau's objection to venue in the Northern District of California over the Complaint herein, venue is proper under 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

4.   The Bureau filed its first registration of the SURF CITY USA® brand in November 2004, after the concept was proposed during the Bureau's brand discovery workshop.

5.   The SURF CITY USA® brand was designed to evoke the Southern California beach culture and the Huntington Beach lifestyle.  Its connotation captures the romance of  the beach, surfing, and the relaxed, "laid back" lifestyle of Southern California beach towns best exemplified by Huntington Beach as celebrated, *inter alia,* by the famous 1960s generational anthem "Surf City" by Jan and Dean.  SURF CITY USA® transcends all races, political views, and cultures, and celebrates the spirit of youth and living each moment to the fullest, here and now.

6.   The Bureau has expanded its branding program to include seven (7) trademark registrations of the SURF CITY USA® brand for various categories of goods and services.

-11-

1   Attached as Exhibit A are copies of the Bureau's trademark registrations obtained from the

2   United States Patent and Trademark Office online database.  The Bureau has an additional five

3   (5) applications for further trademark registrations of its SURF CITY USA® brand in other

4   categories of goods and services.  Attached as Exhibit B are copies of the Bureau's pending

5   trademark applications, also from the U.S.P.T.O. online database, currently under review by the

6   United States Patent and Trademark Office.

7        7.      In addition, the Bureau enjoys common law rights in the SURF CITY USA™

8   brand and logo.

9        8.      Since at least as early as its initial registration of its SURF CITY USA® brand,

10   the Bureau has developed a careful monitoring and licensing program to promote and protect the

11   brand.

12        9.      Many merchants in the Huntington Beach area, believing the SURF CITY USA®

13   brand is capable of distinguishing and promoting their goods through a positive association with

14   the Bureau and with Huntington Beach, have licensed the right to use the brand on their goods.

15   Attached as Exhibit C is a list of current SURF CITY USA® licensees and license affiliates.

16        10.     Licensees of the SURF CITY USA® brand follow very specific usage guidelines

17   when using the brand logo in any way, including guidelines as to colors, proportions, placement

18   of the logo, and size.  Attached as Exhibit D is a copy of the Bureau's SURF CITY USA®

19   "Brand Signature Styleguide."

20        11.     The Bureau carefully monitors unauthorized usage of its SURF CITY USA®

21   brand both through in-house monitoring as well as through the retention of external brand

22   monitoring.

23        12.     The SURF CITY USA® brand has become associated with goods and services of

24   Huntington Beach through the licensed use of the brand by merchants in the Huntington Beach

25   and surrounding areas.

26        13.     The Bureau has derived positive publicity as well as revenue for the city through

27   its SURF CITY USA® branding and licensing program.

28

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

-12-

14.     The Bureau first became aware of Flotsam's unauthorized use of the mark on or about August 2006.  Specifically, the Bureau learned that Flotsam was selling T-shirts bearing an infringing and confusingly similar mark incorporating the Bureau's exact trademark, SURF CITY USA.®  Attached as Exhibit E is a copy of the confusingly similar mark used by Flotsam on its infringing T-shirts.  An ordinary consumer will read and interpret said mark as "Surf City USA / Santa Cruz, California USA" rather than "Surf City Santa Cruz California USA" as claimed by Flotsam, although the latter may still constitute infringing use.

15.     The Bureau sent Flotsam a "cease and desist" letter, asking Flotsam to stop its unauthorized distribution of T-shirts bearing the infringing logo.

16.     In response, Flotsam purported that it would cease and desist such use, and the Bureau reasonably believed that Flotsam was voluntarily and amicably in the process of reaching a resolution or compromise with the Bureau.

17.     In reality, on information and belief, Flotsam surreptitiously and intentionally took steps to increase and augment its infringement.  The Bureau subsequently learned that Flotsam ordered hundreds of additional T-shirts bearing the infringing logo, many times more than the original order, and sold them, *inter alia*, online using the dispute with the Bureau to promote such sales.  On information and belief, Flotsam prior had ordered or sold approximately 300 infringing T-shirts, and subsequent to the dispute, ordered and sold an additional 1,800 shirts.

18.     Flotsam subsequently filed the instant lawsuit against the Bureau, a non-profit organization.

19.     Flotsam is not authorized to use the Bureau's registered or common law trademarks in any form or format.

20.     "Surf City USA" is not a descriptive term for any goods or services and is not geographically descriptive.

21.     The Bureau's SURF CITY USA® registered and SURF CITY USA™ common law trademarks, if descriptive or geographically descriptive, have achieved secondary meaning through the Bureau's extensive use and promotion of the marks.

/ / /

-13-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

22.     Flotsam has offered, and on information and belief, continues to offer, products, such as T-shirts, under the phrases "Surf City USA."  On information and belief, Flotsam has made such offers in interstate commerce and in the state of California.

23.     On information and belief, Flotsam has advertised, and continues to advertise, in interstate commerce and in the State of California, its products under the phrase "Surf City" and/or "Surf City USA."

24.     Flotsam has intentionally infringed the SURF CITY USA® registered and SURF CITY USA ™ common law trademarks through the sale and offer for sale of unauthorized, counterfeit products.  Specifically, but not limited to, Flotsam continued to sell "Surf City USA" goods after being notified by the Bureau of its infringing acts and after agreeing to cease selling the infringing goods.

## FIRST COUNTERCLAIM

### Infringement and Counterfeiting of a Registered Trademark Under 15 U.S.C. § 1114

25.     This First Counterclaim arises under 15 U.S.C. § 1114.

27.     The Bureau repeats and realleges the allegations contained in Paragraphs 1 through 24 above.

27.     Flotsam's use of the mark and/or phrases "Surf City" and/or "Surf City USA" has caused and continues to cause a likelihood of confusion, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and as such infringes the Bureau's federally registered SURF CITY USA® mark.  These acts of trademark infringement are continuing.

28.     Flotsam's use of the phrase "Surf City" and/or "Surf City USA" in interstate commerce is an act of trademark counterfeiting of the Bureau's registered SURF CITY USA® marks.  These acts of trademark counterfeiting are continuing.

29.     Flotsam has been unjustly enriched by these acts of trademark infringement and counterfeiting.

30.     Flotsam's acts of trademark infringement and counterfeiting have damaged and continue to damage the Bureau, causing irreparable harm, for which there is no adequate remedy at law.

-14-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

31.     Such unlawful acts and damage will continue to occur unless enjoined by this Court.

32.     Flotsam's actions have been knowing, intentional, wanton, and willful, entitling the Bureau to damages, treble damages, profits, attorney's fees, statutory damages and the costs of this action.

## SECOND COUNTERCLAIM

### Trademark Infringement, False Designation of Origin, False Description, and False Representation Under 15 U.S.C. § 1125(a)

33.     This Second Counterclaim arises under 15 U.S.C. § 1125(a).

34.     The Bureau repeats and realleges the allegations contained in Paragraphs 1 through 32 above.

35.     Flotsam's use of the mark and/or phrase "Surf City USA" or "Surf City" in interstate commerce is likely to cause confusion amongst consumers of goods and services offered by the Bureau as to affiliation between it and Flotsam, and/or as to the sponsorship of Flotsam's goods by the Bureau.

36.     Flotsam's use of the mark and/or phrase "Surf City USA" or "Surf City" constitutes false designation of origin, trademark infringement, false description, and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  On information and belief, these unlawful acts of are continuing.

37.     Flotsam has been unjustly enriched by these acts of false designation of origin, trademark infringement, false description, and false representation.

38.     Flotsam's acts of false designation of origin, trademark infringement, false description, and false representation have been willful, knowing, intentional, and wanton, entitling the Bureau to damages, treble damages, profits, attorney's fees, and the costs of this action.

39.     Flotsam's acts of false designation of origin, trademark infringement, false description, and false representation have damaged and continue to damage the Bureau, causing irreparable harm for which there is no adequate remedy at law.

-15-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

40.     Such unlawful acts and damage will continue to occur unless enjoined by this Court.

### THIRD COUNTERCLAIM

### Trademark Dilution Under 15 U.S.C. § 1125(c)

41.     This Third Counterclaim arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

42.     The Bureau repeats and realleges the allegations contained in Paragraphs 1 through 40 above.

43.     SURF CITY USA® is a famous mark by virtue, *inter alia,* of the 1960s beach anthem, "Surf City" by Jan and Dean, which celebrated Southern California beach culture in general and Huntington Beach, California in particular.

44.     Flotsam's infringing use of SURF CITY USA® began after that mark became famous, and has caused and causes dilution of the distinctive quality of that mark.  On information and belief, Flotsam willfully intended to trade on the owner's reputation or to cause dilution of the famous mark.

### FOURTH COUNTERCLAIM

### Common Law Trademark Infringement

45.     This Fourth Counterclaim arises under the common law.

46.     The Bureau repeats and realleges the allegations contained in Paragraphs 1 through 44 above.

47.     Flotsam's actions in designing, manufacturing, packaging, selling, or distributing goods under the "Surf City USA" mark, without consent of the Bureau, constitutes false designation of origin and trademark infringement of the SURF CITY USA™ common law trademark, and has caused and continues to cause a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public.

48.     Flotsam's actions in designing, manufacturing, packaging, selling, or distributing goods under the "Surf City" mark, without consent of the Bureau, constitutes false designation of origin and trademark infringement, and has caused and continues to cause a likelihood of

-16-

1  confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the

2  minds of the public.

3       49.     Flotsam has been unjustly enriched by these acts of trademark infringement.

4       50.     Flotsam's acts of trademark infringement have been willful, knowing, intentional,

5  and wanton, entitling the Bureau to damages, treble damages, profits, attorney's fees, and the

6  costs of this action.

7       51.     Flotsam's acts of trademark infringement have damaged and continue to damage

8  the Bureau, causing irreparable harm for which there is no adequate remedy at law.

9       52.     Such unlawful acts and damage will continue to occur unless enjoined by this

10  Court.

### FIFTH COUNTERCLAIM

#### Unfair Competition Pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*

13      53.     This Fifth Counterclaim arises under Cal. Bus. & Prof. Code § 17200 *et seq*.

14      54.     The Bureau repeats and realleges the allegations contained in Paragraphs 1

15  through 52 above.

16      55.     California Business and Professions Code Section 17200 provides that unfair

17  competition means and includes "any unlawful, unfair or fraudulent business act or practice and

18  unfair, deceptive, untrue or misleading advertising."

19      56.     By and through Flotsam's conduct, including the conduct detailed above, Flotsam

20  has engaged in activities that constitute unlawful, unfair, and fraudulent business practices

21  prohibited by Business and Professions Code Section 17200 *et seq*.

22      57.     Flotsam's acts of trademark infringement and counterfeiting, as alleged above,

23  constitute unfair competition actionable under the laws of the State of California as unlawful

24  business acts or practices in that, *inter alia*, said acts violate the federal Lanham Act, 15 U.S.C.

25  § 1051 *et seq.*.  Specifically without limitation, Flotsam's actions of designing, manufacturing,

26  packaging, selling, distributing, and/or offering for sale in interstate commerce "Surf City USA"

27  or "Surf City" goods, without consent of the Bureau, has caused and continues to cause a

28  likelihood of confusion, mistake, and deception in the minds of the public.  Flotsam's actions

-17-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

1   constitute palming off, false designation of origin, false description, false representation,

2   misappropriation, and infringement of the Bureau's trademarks, specifically the Bureau's SURF

3   CITY USA® federally registered trademarks and SURF CITY USA™ common law trademark.

4        58.    Flotsam's acts of trademark infringement as alleged above constitute unfair

5   competition actionable under the laws of the State of California as fraudulent business acts or

6   practices, in that, *inter alia*, said acts are likely to confuse the public as to the origin of their

7   infringing goods.

8        59.    Flotsam's acts of trademark infringement as alleged above constitute unfair

9   competition actionable under the laws of the State of California as deceptive and false

10   advertising, in that, *inter alia*, said acts are likely to cause confusion, mistake, and deception.

11        60.    Such acts and omissions described above are unlawful and/or unfair and/or

12   fraudulent and/or deceptive and/or misleading and/or untrue and constitute a violation of

13   Business & Professions Code § 17200 *et seq.* the Bureau reserves the right to identify additional

14   violations by Flotsam as may be established through discovery.

15        61.    As a result of Flotsam's said acts of unfair competition, the Bureau has suffered

16   and will continue to suffer irreparable harm, and the Bureau has no adequate remedy at law with

17   respect to this injury.  Unless the acts of unfair competition are enjoined by this Court, the

18   Bureau will continue to suffer irreparable harm.

19        62.    As a direct and legal result of Flotsam's unlawful, unfair, and fraudulent conduct

20   described above, Flotsam has been and will be unjustly enriched with ill-gotten gains.

21   **SIXTH COUNTERCLAIM**

22   **Trademark Infringement Pursuant to Cal. Bus. & Prof. Code § 14335 and § 14340**

23        63.    This Sixth Counterclaim arises under the Cal. Bus. & Prof. Code § 14335 and

24   § 14340.

25        64.    The Bureau repeats and realleges the allegations contained in Paragraphs 1

26   through 62 above.

27        65.    Flotsam's actions in designing, manufacturing, packaging, selling, or distributing

28   goods under the "Surf City USA" and/or "Surf City" marks, without consent of the Bureau,

-18-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1   constitutes false designation of origin and trademark infringement of the SURF CITY USA®

2   registered trademarks, and has caused and continues to cause a likelihood of confusion, mistake,

3   and deception as to source, sponsorship, affiliation, and/or connection in the minds of the public.

4        66.    Flotsam's actions in designing, manufacturing, packaging, selling, or distributing

5   goods under the "Surf City USA" and/or "Surf City" marks, without consent of the Bureau,

6   constitutes trademark infringement, and has caused and continues to cause a likelihood of

7   confusion, mistake, and deception as to source, sponsorship, affiliation, and/or connection in the

8   minds of the public.

9        67.    Flotsam has been unjustly enriched by these acts of trademark infringement and

10  counterfeiting.

11       68.    Flotsam's acts of trademark infringement and counterfeiting have been willful,

12  knowing, intentional, and wanton.

13       69.    Flotsam's acts of trademark infringement and counterfeiting have damaged and

14  continue to damage the Bureau, causing irreparable harm for which there is no adequate remedy

15  at law.

16       70.    Such unlawful acts and damage will continue to occur unless enjoined by this

17  Court.

18

19       WHEREFORE, THE BUREAU prays the Court grant relief as follows:

20       1.    General damages according to proof;

21       2.    Actual damages for Flotsam's acts of trademark infringement in violation of 15

22  U.S.C. § 1114, pursuant to 15 U.S.C. § 1117(a);

23       3.    An accounting for Flotsam's profits for Flotsam's acts of false designation of

24  origin, trademark infringement, false description, and false representation in violation of 15

25  U.S.C. § 1125(a), pursuant to 15 U.S.C. § 1117(a);

26       4.    Disgorgement of all Flotsam's profits and restitution made under Cal. Bus. &

27  Prof. Code § 17200 et seq.;

28       5.    A trebling of actual damages pursuant to 15 U.S.C. § 1117(a) and (b);

-19-

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

DEFENDANT'S ANSWER AND COUNTERCLAIMS
CASE NO. C 06-07028 MMC

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

6.     Award of a  trebling of Flotsam's profits pursuant to 15 U.S.C. § 1117(a) and (b);

7.     Statutory damages of $1,000,000 for willful use of a counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2);

8.     Injunctive relief and damages for Flotsam's intentional dilution of a famous mark, pursuant to 15 U.S.C. § 1125(c);

9.     Punitive damages for intentional and willful acts;

10.    A permanent injunction enjoining further acts of trademark infringement false designation of origin,, false description, or false representation pursuant to 15 U.S.C. § 1116 and the common law;

11.    A permanent injunction enjoining further acts of unfair competition pursuant to Cal. Bus. & Prof. Code § 17203;

12.    A permanent injunction enjoining further acts of infringement of registered trademark pursuant to Cal. Bus. & Prof. Code § 14335;

13.    An order for the seizure, forfeiture and destruction of all goods bearing the counterfeited mark "SURF CITY USA" pursuant to 15 U.S.C. § 1118 and Cal. Bus. & Prof. Code § 14340;

14.    An award of attorney's fees pursuant to 15 U.S.C. § 1117(a)(b);

15.    An award of costs; and

16.    Such other and further relief that this Court deems just and appropriate.


Dated: February 12, 2007                        GORDON & REES LLP


                                        by   */s/ Richard P. Sybert*_____
                                             Richard P. Sybert
                                             rsybert@gordonrees.com
                                             Attorneys for Defendant/Counterclaimant
                                             HUNTINGTON BEACH CONFERENCE
                                             AND VISITORS BUREAU


-20-

1

## DEMAND FOR JURY TRIAL

2    Pursuant to Fed.R.Civ.P. 38(b), Counterclaimant Huntington Beach Conference and

3  Visitors Bureau demands a jury trial on all issues triable to a jury.

4

5  Dated: February 12, 2007                    GORDON & REES LLP

6

                                         by   */s/ Richard P. Sybert*
7                                              Richard P. Sybert
                                               *rsybert@gordonrees.com*
8                                              Attorneys for Defendant/Counterclaimant
                                               HUNTINGTON BEACH CONFERENCE
9                                              AND VISITORS BUREAU

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-

**Gordon & Rees LLP**
**101 West Broadway, Suite 2000**
**San Diego, CA 92101**

CG/1042655/414322v.1

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**
**CASE NO. C 06-07028 MMC**

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on February 12, 2007, I electronically filed the following documents

3    with the Clerk of the Court using the CM/ECF System:

4    **(1) DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT;**

5    **(2) COUNTERCLAIMS FOR:**
     **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**

6    **FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**
     **TRADEMARK DILUTION (15 U.S.C. § 1125(c));**

7    **COMMON LAW TRADEMARK INFRINGEMENT;**
     **STATE LAW UNFAIR COMPETITION (CAL. B.&P.C. § 17200);**

8    **STATE LAW TRADEMARK INFRINGEMENT (CAL. B.&P.C. § § 14335, 14340);**
     **(3) DEMAND FOR JURY TRIAL [Fed.R.Civ.Pro. 38(b)]**

9

10   This will send notification of such filing to the following:

11           TOWNSEND AND TOWNSEND AND CREW
             LLP

12           Theodore T. Herhold, Esq.
             Anthony J. Malutta, Esq.

13           379 Lytton Avenue
             Palo Alto, CA 94301

14           Tel: 650/326-2400
             Facsimile:  650/326-2422

15           ttherhold@townsend.com

16   And I hereby certify that I have mailed by United States Mail Postal Service the

17   document to the following non-CM/ECF participants:

18   N/A.

19

20           **_/s/Sharee L. Gill_**
             Sharee L. Gill

21           Sgill@gordonrees.com
             GORDON & REES LLP

22           101 West Broadway, Suite 1600
             San Diego, CA  92101

23           Telephone:  619-696-6700
             Facsimile:    619-696-7124

24

25

26

27

28

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

CG/1042655/408486v.1

-22-