IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOTSAM OF CALIFORNIA, INC., | No. C 06-7028 MMC (MEJ) |
| Plaintiff(s), | |
| vs. | **ORDER QUASHING SUBPOENA DUCES TECUM** |
| HUNTINGTON BEACH CONFERENCE AND VISITORS BUREAU, | |
| Defendant(s). | |

The Court is in receipt of the parties' joint discovery dispute letter, filed November 21, 2007. (Doc. #65.) The letter concerns a dispute over a subpoena duces tecum served by Defendant Huntington Beach Conference and Visitors Bureau, Inc. ("Defendant") for documents relating to press conferences, press releases, and other extrajudicial activities concerning this litigation which Defendant claims Plaintiff Flotsam of California, Inc. ("Plaintiff") and third parties, including its counsel, have orchestrated. Defendant served the subpoena on Plaintiff's litigation counsel.

Discovery from opposing litigation counsel has been recognized as permissible under limited circumstances. The burden is on the party seeking the discovery to demonstrate its propriety and need. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Under *Shelton*, discovery of opposing trial counsel is appropriate when: "(1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is

crucial to the preparation of the case." *Id.* at 1327. Under this standard, the Court finds the requested discovery inappropriate.

First, Defendant has not demonstrated that no other means exist to obtain the discovery, nor has it demonstrated its own efforts to obtain the information from other sources, such as the potential to receive documents from third-party news agencies. Second, Defendant's request appears overly broad and seeks documents protected from disclosure by the attorney-client privilege and the work product doctrine. Third, given the presumption against testimony by an opposing party's attorney-witness, *see, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 513 (1947), Defendant has not demonstrated that the requested information is crucial to the case. Defendant draws the Court's attention to the fact that Plaintiff's attorneys held at least one press conference to announce the lawsuit before it was served, yet Defendant waited until the close of discovery to seek this information. Given the timing of Defendant's request, it is not clear how it is crucial to the preparation of its case.

Accordingly, the Court QUASHES Defendant's subpoena.

**IT IS SO ORDERED.**

Dated: November 26, 2007

MARIA-ELENA JAMES
United States Magistrate Judge

2